[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11155
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cr-00012-RS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERESA J. CLARK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(August 11, 2011)

Before TJOFLAT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

In April 2009, Teresa Clark pled guilty to an information charging her with

converting to her own use over $15,000 in Social Security Supplemental Insurance

Benefits payments she was not entitled to receive, and the district court sentenced her to a five-year term of probation. In August of that year, the court found her guilty of violating conditions of her probation and sentenced her to nine-months' imprisonment, to be followed by a three-year term of supervised release. Clark served the prison term.

On February 4, 2011, while Clark was serving her term of supervised release, the district court's probation office filed a petition with the district court citing violations of several conditions of Clark's supervised release. The probation office amended the petition on March 1, 2011, alleging that Clark had violated three additional conditions of her release. At a hearing held two days later, the district court found Clark guilty of four violations, revoked her supervised release, and sentenced her to prison for nine months. Clark now appeals the revocation.

The Government's case for revocation rested in part on the hearsay statements of Kevin Walker and Logan Holloway, Clark's boyfriend and son, respectively, regarding two of the violations—criminal mischief and domestic violence, i.e., battery. The statements were introduced through the testimony of Officer Ryan Hildebrandt. Clark argues that the court abused its discretion in admitting Hildebrandt's relation of the statements on two grounds. First, since

2

Walker and Holloway were not present at the hearing, because the Government failed to arrange for them to be there, the court was required under *United States v. Frazier*, 26 F.3d 110 (11th Cir. 1994), to balance her right to confront them against the Government's reason for producing them at the hearing. The court failed to do this and thus erred. Second, the court erred in failing to find that the hearsay statements were reliable. These two errors, she contends, rendered the court's admission of the hearsay statements into evidence an abuse of discretion. As a result of this abuse, then, the court imposed a sentence at the high end of the applicable Guidelines sentencing range.[1]

We begin our assessment of Clark's appeal by observing that the Federal Rules of Evidence do not apply to supervised release revocation hearings. *Frazier*, 26 F.3d at 113. Although the Rules do not apply, hearsay is not automatically admissible, *id*. at 114; that is, it must be reliable. *Id.* With this said, we turn to Clark's argument that the court erred in failing to find on the record that the challenged hearsay statements were reliable. We are not persuaded.

In objecting to the hearsay statements in the district court, Clark did not contend that the statements were not reliable. Moreover, on appeal, she has not

---

[1] We review a district court's evidentiary rulings for abuse of discretion. *United States v. Novaton*, 271 F.3d 968, 1005 (11th Cir. 2001). A district court's revocation of supervised release is also reviewed under that standard. *Frazier*, 26 F.3d at 112.

argued that the statements were materially false or actually unreliable. In fact, during the sentencing phase of the revocation hearing, Clark's attorney specifically stated that Clark "was hysterical and breaking glass and hit her son long before the officers got involved," a statement that supports the hearsay statements' contents. In sum, if the district court erred in not stating on the record that the statements were reliable, Clark effectively invited the error and we do not review it. *United States v. Silvestri*, 409 F.3d 1311, 1337 (11th Cir. 2005) ("to invite error is to preclude review of that error on appeal.").

As for the *Frazier* issue, we conclude that, with respect to Holloway, the court erred in failing to balance Clark's right of confrontation against the Government's reason for not having him present.[2] The error, however, was harmless—given the conceded reliability of what Holloway (and Walker) told the police.

Contrary to what Clark implies, the record does not establish that the hearsay statements led to the court's revocation of her supervised release and the imposition of the nine-months' sentence. In light of her untoward behavior and the problems she presented on supervised release, the sentence was entirely

---

[2] As for Walker, Clark's counsel told the Government that Walker would be at the hearing. The Government reasonably relied on counsel's representation and therefore did not subpoena him to appear.

reasonable.

AFFIRMED.